**Marineh KARAPETIAN and Arman Karapeti Soultanian, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 04–71005, A79–518–081, A79–518–082.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

James L. Rosenberg, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, John S. Hogan, Virginia Lum, Anthony W. Norwood, DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM\*\*\*

Marineh Karapetian and her son, Arman Karapeti Soultanian, natives and citizens of Armenia, petition for review from the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's ("IJ") denial of their application for asylum, and withholding of removal. We have jurisdiction pursuant to 8

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252. Reviewing for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

The record supports the IJ's determination that the events Karapetian experienced were not "on account of" an enumerated ground. *See Sangha v. INS*, 103 F.3d 1482, 1488–91 (9th Cir.1997). While the trial of the minister of education might have been politically motivated, Karapetian testified that government agents detained her in order to elicit false testimony, not because of her political opinion, real or imputed. *See Kozulin v. INS*, 218 F.3d 1112, 1116 (9th Cir.2000) (holding that the "presence of some political element does not require the conclusion that ... maltreatment was on account of political opinion"). Karapetian's reliance on our decisions in *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000) and *Hasan v. Ashcroft*, 380 F.3d 1114, 1121 (9th Cir.2004) is misplaced. In both of those cases, government officials retaliated against the petitioners for exposing political corruption. *See Grava*, 205 F.3d at 1180; *Hasan*, 380 F.3d at 1117–18. Accordingly, Karapetian failed to establish eligibility for asylum or withholding of removal. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).